IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC KELLERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 06cv0528 |
| | ) | |
| UPMC ST. MARGARET, | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Presently before the Court are the following Motions in Limine filed by Defendant UPMC St. Margaret Hospital in this matter:  (1) DEFENDANT'S MOTION IN LIMINE TO EXCLUDE CERTAIN EVIDENCE OF PLAINTIFF'S WAGE AND FRINGE BENEFIT LOSSES, with brief in support (*Document Nos. 45 and 46 respectively*); and (2) DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF THE LEGALITY OF SMH TESTING PROCEDURES, with brief in support (*Document Nos. 48 and 49, respectively*).  Plaintiff mailed a letter directly to chambers on September 21, 2009, which the Court has made a part of the electronic record (*Document No. 56*).  Plaintiff opposes both motions on the basis that such evidence "is important to the case" but does not address the legal reasoning set forth by Defendant.  The Motions will be addressed seriatim.  The Court concludes that a hearing is not necessary.

### DEFENDANTS' MOTION IN LIMINE REGARDING DAMAGES TESTIMONY

Defendants seek to exclude evidence or argument regarding: (a) the "Employment Law Economic Damages Report Plaintiff: Kellerman, Eric" (hereafter "Damages Report") produced on August 11, 2006; (b) opinion testimony by Mr. Kellerman regarding his wage and

benefit losses, including Defendant's salary structure, life expectancy charts, the present value of Plaintiff's projected future earnings, and other opinion evidence; and (c) the estimated value of lost fringe benefits, or any other method of determining lost fringe benefits other than out-of-pocket replacement cost.

Civil trials in federal court are governed by the Federal Rules of Evidence and the Rules of Civil Procedure. Even though the Court recognizes that Mr. Kellerman is acting pro se, he is nevertheless required to comply with the applicable evidentiary and procedural rules. *See Hughes v. Eitner*, 2007 WL 2597901 *1 (W.D. Pa. 2007) (the liberal construction given to pleadings of pro se litigants "cannot be used as a mechanism for avoiding federal rules of evidence and civil procedure.") The jury must base its decision solely on admissible evidence and if improper evidence is considered, a new trial may have to be conducted. The parties have an opportunity – indeed, an obligation – to raise objections so that the Court may make legal rulings as to the admissibility of challenged documents and/or testimony.

Several of the Federal Rules of Evidence are of particular importance to the instant motions. Rule 401 defines "relevant evidence" as that "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 402 mandates: "Evidence which is not relevant is not admissible." Rule 403 explains that evidence, even if "relevant," "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Rule 701 places limits on the admissibility of opinion testimony by lay witnesses. Rule 801(c) defines "hearsay" as "a

statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Hearsay is not admissible unless it fits within one of the specific exceptions set forth in the Rules of Evidence.[1] The Court turns now to the specific items of evidence that have been challenged by Defendant.

        (a) The Damages Report

Defendant contends that the Damages Report is inadmissible hearsay. The Court agrees with Defendant. The document contains out-of-court statements which Mr. Kellerman seeks to offer into evidence to prove the truth of the matters asserted, that is, the amount of damages he claims to have incurred. The Damages Report is unsigned -- Plaintiff did not identify the author of the Report, nor has he identified an expert witness who will opine as to his alleged wage loss. Indeed, Plaintiff did not disclose the author or an expert witness in his response to this motion. Defendant will be unduly prejudiced by admission of the Damages Report into evidence, for consideration by the jury, due to its inability to cross-examine the author or to test the authenticity and reliability of the statements made in the Damages Report. Moreover, the Damages Report is much too broad and contains claims for damages far beyond those which may be recoverable in this case. For example, the statements regarding Mr. Kellerman's life expectancy are not relevant because Plaintiff is not entitled to recover damages for the remainder of his expected life or working life. Whatever probative value such testimony may have is substantially outweighed by the danger of unfair prejudice, confusion, misleading

---

[1] Also important for trial will be Fed. R. Evid. 901, which describes the necessity of proper authentication and identification as a precondition to admissibility.

of the jury and undue delay. Accordingly, the document entitled "Employment Law Economic Damages Report Plaintiff: Kellerman, Eric" may not be offered into evidence or shown to the jury. In accordance with the foregoing, the motion to exclude the Damages Report is **GRANTED**.

                (b)      Kellerman's Lay Opinion Testimony

Defendant argues that Plaintiff cannot act as his own damages expert because such testimony constitutes improper opinion testimony by a lay witness pursuant to Fed. R. Evid. 701 and 702. The Court agrees with Defendant. In *Donlin v. Philips Lighting North America Corp.*, 2009 WL 2871216 (3d Cir. September 9, 2009), the Court of Appeals recently held that a lay witness may not offer his/her personal opinions in an effort to evade the reliability requirements set forth in Fed. R. Evid. 702 (governing expert testimony). The Court of Appeals in *Donlin* held that the district court committed reversible error by permitting a former employee to offer opinions about her estimated future pay, as such testimony constitutes the type of technical or specialized knowledge that is precluded by Fed. R. Evid. 701(c). This Court is bound to follow the guidelines articulated in *Donlin*. An employee such as Mr. Kellerman may only testify to facts within his personal knowledge, such as current and past earnings. Accordingly, Defendant's request to preclude opinion testimony by Kellerman as to his damages is **GRANTED**.

          (c)       Calculation of Fringe Benefits

Finally, Defendant seeks to preclude Plaintiff from attempting to calculate his damages for loss of fringe benefits as a percentage of his salary. With a proper foundation, courts have allowed an employee to recover benefits other than lost wages such as the replacement of life and disability insurance that had formerly been paid by the employer. *Kelly v. Matlack*, 903 F.2d 978, 985 (3d Cir. 1990). However, Title VII only entitles a Plaintiff to be made whole. *Donlin*, 2009 WL 2871216 at *8. "When the discriminatory action is termination, a prevailing plaintiff is entitled to be made whole for losses sustained as a result of the termination." *Erie County Retirees Association v. County of Erie, PA*, 166 F. Supp. 2d 310, 311 (W.D. Pa. 2001) (citations omitted). "The appropriate remedy for the discriminatory action is that which will, to the highest extent possible, put the Plaintiff[] in the position [he] would have been in had there been no discrimination." *Id*. (citation omitted). The Court explained that an award for the value of fringe benefits that a plaintiff did not spend money to replace would be improper because it would be speculative and would create a windfall. This Court agrees with the reasoning in *Erie County Retirees Association*. Accordingly, Plaintiff will not be permitted to present evidence regarding lost employee benefits unless he is able to demonstrate that he purchased replacement benefits or incurred some out-of-pocket cost(s) with respect thereto. *See also Merkel v. Scovill, Inc.,* 570 F. Supp. 141, 146 (S.D. Ohio 1983) (declined to award sum of health insurance premiums insurer would have paid on plaintiff's behalf in back-pay award because plaintiff never incurred these expenses and awarding them would make him more than whole).

In summary, Plaintiff will not be permitted to offer testimony or documentary evidence that the value of lost fringe benefits should be based upon a percentage of his income. Evidence of actual costs and expenses which Plaintiff has expended as a result of lost fringe benefits may be admissible, as Defendant recognizes.

In accordance with the foregoing, DEFENDANT'S MOTION IN LIMINE TO EXCLUDE CERTAIN EVIDENCE OF PLAINTIFF'S WAGE AND FRINGE BENEFIT LOSSES (*Document No. 45)* is **GRANTED** in all respects.

### DEFENDANTS' MOTION IN LIMINE REGARDING LEGALITY OF TESTING PROCEDURES

Defendants seek to preclude evidence or argument which suggests that its laboratory testing procedures or its hospital-wide medical practices are illegal. Defendant contends that such evidence should be barred on the basis of relevance and/or the potential of unfair prejudice and would constitute inadmissible opinion testimony.

Defendant intends to introduce evidence at trial of a June 7, 2004 incident between Plaintiff and his former supervisor, Sue Ellen Reed. In essence, Kellerman sent Reed an email wondering why the laboratory was using urine controls for serum tests. Reed investigated the issue and provided an explanation which Kellerman found unsatisfactory. Reed then instructed Kellerman to research the issue further, on work time, and Kellerman responded that he would only perform the research for a $500/hour consulting fee. Defendant argues that the testimony is relevant to demonstrate Plaintiff's insubordination and that Defendant took Kellerman's concerns seriously.[2]

---

[2] Defendant also contends that this evidence is relevant to a reprimand Kellerman received from Meredith Naples in June 2009.

The aspect of this incident that Defendant seeks to suppress is Kellerman's opinion that Defendant's laboratory procedure was "illegal."  Kellerman also testified in his deposition that the emergency room was mislabeling blood and that there were all kinds of issues going on that needed to be resolved.  Defendants point out that there is no claim in this case for wrongful discharge or retaliation in connection with opposition to testing procedures.  Defendant reasons that introducing statements regarding alleged illegality would distract the jury from the sexual harassment and retaliation claims that are at issue.

Federal Rule of Evidence 403 states that evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusing of the issues or misleading the jury.  The Court agrees with Defendant that the proffered testimony regarding the alleged illegality of the laboratory procedures has very little probative value and is highly confusing, misleading and prejudicial.  Defendants would feel obligated to vigorously defend their procedures and the jury's time and attention would be diverted by this unnecessary dispute.  This is not a medical malpractice or whistleblower action and the evidence presented to the jury must be narrowly focused on the discrimination claims at issue.  Accordingly, DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF THE LEGALITY OF SMH TESTING PROCEDURES (*Document No. 48)* is **GRANTED**.

So **ORDERED** this 30th day of September, 2009.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Allison Feldstein, Esquire
Eckert, Seamans, Cherin & Mellott
Email: afeldstein@eckertseamans.com
    VIA Hand Delivery on 9/30/2009

Eric Kellerman (Pro Se)
533 Eden Park Boulevard
McKeesport, PA 15132
    VIA Hand Delivery on 9/30/2009